```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

Eugene and Christine Johnson

    v.                                        Civil No. 16-cv-229-JD
                                                  Opinion No. 2016 DNH 117
Joan Shields and Bank of America


O R D E R

Eugene and Christine Johnson, proceeding pro se, brought suit in state court against Joan Shields and Bank of America, N.A. after Bank of America attempted to repossess a sailboat that the Johnsons bought with Shields.[1]  The purchase was financed through a loan from Bank of America.  The Johnsons brought claims of misrepresentation and breach of contract against Shields and sought an injunction against Bank of America to prevent repossession of the boat.  Bank of America defaulted.  Shields filed an answer and counterclaim.

On April 26, 2016, the state court granted the Johnsons a ten-day injunction against Bank of America to prevent repossession of the boat.  The court held a hearing on the injunction on May 5, 2016, and the Johnsons, Shields, and Bank of America signed an agreement to address certain issues in the

---

[1] Bank of America states that it is improperly identified in the complaint as Bank of America rather than Bank of America, N.A.

case.  The court approved the agreement and set a status conference for July 5, 2016.

Under the agreement, BOA was required to identify the arrearages on the mortgage within ten business days of May 5. The Johnsons and Shields were ordered to split the amount equally and to forward their shares to counsel for BOA within ten business days after receiving notice of the amount owed. The boat was to remain in storage at Rye Harbor.  The Johnsons and Shields were ordered to list the boat for sale within ten business days of May 5.  The Johnsons and Shields were also ordered to share all expenses incurred for the boat.  Based on that agreement, Bank of America's motion to set aside default and vacate the ex parte injunction was granted.

Bank of America removed the case to this court on June 2, 2016, and moves to dismiss the claim seeking an injunction on the ground that the Johnsons have failed to allege a plausible basis for enjoining the Bank from repossessing the boat. Neither the Johnsons nor Shields filed a response to the motion to dismiss.

## Standard of Review

A motion to dismiss for failure to state a claim is governed by Federal Rule of Civil Procedure 12(b)(6).  In considering a motion under Rule 12(b)(6), the court assumes the

truth of the properly pleaded facts and takes all reasonable inferences from those facts that support the plaintiff's claims. Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir. 2015). Based on the properly pleaded facts, the court determines whether the plaintiff has stated "a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Background[2]

The Johnsons provide few facts to support the claims in the complaint. In support of the motion to dismiss, Bank of America adds information from the loan and security agreement on the boat and the mortgage. Those documents may be considered for purposes of the motion to dismiss because the complaint, along with the Johnsons' motion for injunctive relief in state court, references financing of the boat through Bank of America. See Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013).

The Johnsons and Shields bought a thirty-eight foot sailboat in March of 2007, with a $100,000 loan through Bank of America. The Johnsons expected Shields to pay part of the financing costs and expenses for the boat. In the fall of 2015,

---

[2] The background information is summarized from the state court pleadings and the documents provided by Bank of America. For that reason, the information provided in this section serves as background for this order only, not as findings of fact.

Shields stopped making mortgage payments and stopped reimbursing the Johnson for expenses.

In early February of 2016, Bank of America hired Commonwealth Boat Brokers, located in Virginia, to repossess the sailboat owned by the Johnsons and Shields.  Eugene Johnson stopped the repossession effort because he believed the employee of Commonwealth Boat Brokers sent to get the boat with a pickup truck did not know anything about transporting large sailboats and because the Johnsons still held title to the boat.  The Johnsons then filed suit to prevent repossession and to state claims against Shields.

The loan agreement states that if the borrowers fail to make the payments as required on the payment schedule or if they default, Bank of America can repossess the boat.  Bank of America is required to provide written notice before selling the boat.  To get the boat back after repossession, the borrowers would have to pay the entire amount owed on the loan, along with late charges and the costs of repossession.

The mortgage agreement also provides remedies for default. In that event, Bank of America may choose to do one or more of the listed remedies.  The remedies provided include the right to demand that the mortgagors deliver the boat to a reasonable location while still requiring payment of any deficiency following sale, to repossess the boat with anything in or on the

boat "with or without legal process or judicial decree and with or without previous notice or demand for performance," and to sell or otherwise dispose of the boat.

## Discussion

Bank of America moves to dismiss the Johnsons claims against it. In support, Bank of America contends that the complaint lacks facts to support any claim against it and that the Johnsons have no legitimate claim to challenge Bank of America's right to repossess the boat. The Johnsons did not respond to the motion to dismiss.[3]

As a preliminary matter, Bank of America does not explain the status of the boat with respect to the requirements of the agreement, as ordered by the state court. Because neither the Johnsons nor Shields responded to the motion, they also failed to provide any information about the boat's status. The deadlines in the court-ordered agreement have now lapsed and had lapsed by the time the motion to dismiss was filed. Therefore, the court will assume that the Johnsons and Shields have not sold the boat or paid the arrearages on the mortgage.

The Johnsons allege claims of misrepresentation and breach of contract against Shields. They do not provide any

---

[3] Although the Johnsons are proceeding pro se, Shields represents in her answer that Eugene Johnson is a lawyer.

allegations to support those claims as against Bank of America. Therefore, to the extent the Johnsons intended to allege misrepresentation or breach of contract against Bank of America, those claims are dismissed.

Instead, it appears that the Johnsons seek a preliminary injunction to avoid repossession of the boat by Bank of America until after their claims against Shields are resolved.  Bank of America does not address the applicable standard for an injunction in this context.  Because the parties do not argue that New Hampshire provides a different standard, the court will follow the federal preliminary injunction standard.[4]  See Corporate Techs., Inc. v. Harnett, 731 F.3d 6, 9 n.1 (1st Cir. 2013); Lanier Prof'l Servs. v. Ricci, 192 F.3d 1, 3 (1st Cir. 1999).

To be entitled to a preliminary injunction under federal law, the moving party must show:  "(1) the movant's likelihood of success on the merits of its claims; (ii) whether and to what extent the movant will suffer irreparable harm if the injunction

---

[4] Under New Hampshire law, "[t]he issuance of injunctions, either temporary or permanent, has long been considered an extraordinary remedy."[4] N.H. Dep't of Envtl. Servs. V. Mottolo, 155 N.H. 57, 63 (2007).  The purpose of a preliminary injunction is to preserve the status quo until the case is resolved on the merits.  Id.  To be entitled to injunctive relief, the moving party must show that it is likely to succeed on the merits of the case and that "there is an immediate danger of irreparable harm" with no adequate remedy at law.  Id.

is withheld; (iii) the balance of the hardships as between the parties; and (iv) the effect, if any, that an injunction (or the withholding of one) may have on the public interest." Corporate Techs., 731 F.3d at 9.  The most important factor is the likelihood of success.  Id. at 10.

The Johnsons allege only that the default in mortgage payments is Shields's fault and that they hope to remedy the situation through this action.  They do not dispute that the loan is in default or that Bank of America has the right under the loan agreement and the mortgage to repossess the boat.

Assuming the boat has not been sold, Bank of America is entitled to repossess the boat now, without waiting for the Johnsons to attempt to recover payments from the Shields.  Given the right to repossess, which is unchallenged by the Johnsons, they have not shown a likelihood of success in avoiding repossession.

Further, the Johnsons have not shown irreparable harm that would be caused by repossession or that the lack of an injunction would cause them more hardship.  The Johnsons have not carried their burden of showing they are entitled to a preliminary injunction.

## Conclusion

For the foregoing reasons, Bank of America's motion to dismiss (document no. 4) is granted. All claims against Bank of America are dismissed.

SO ORDERED.

*Joseph A. DiClerico, Jr.*
Joseph DiClerico, Jr.
United States District Judge

July 19, 2016

cc:  Christine Johnson, pro se
     Eugene Johnson, pro se
     Thomas J. Pappas, Esq.
     John P. Sherman, Esq.